UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA. and FEDERAL
INSURANCE COMPANY,

    Plaintiffs,

v.                                          Case No.:  2:22-cv-226-SPC-MRM

ARTHREX, INC.,

    Defendant.
_____/

## ORDER[1]

Before the Court is Defendant Arthrex, Inc.'s Motion to Transfer (Doc. 28). Plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa. and Federal Insurance Company (together, "Insurers") responded in opposition (Doc. 32), to which Arthrex replied (Doc. 35). Insurers' response also addresses the Court's Order to show cause (Doc. 10).

## BACKGROUND

This is an insurance action ("Florida Suit"). Insurers seek various declarations related to coverage. In Delaware, however, another case between

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the parties is ongoing. *Arthrex, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 1:22-cv-00465-CFC (D. Del.) ("Delaware Suit"). The parties agree the Delaware Suit is more or less a mirror image of the Florida Suit. Specifically, Arthrex sues Insurers there for breach of the insurance contract (along with some implied duties). Arthrex filed the Delaware Suit one day before Insurers brought the Florida Suit.

Now, Arthrex asks to transfer the Florida Suit to Delaware. The day before Arthrex filed this Motion, Insurers sought to transfer the Delaware Suit to Florida.[2] Where relevant, the parties' briefs in both fora are similar. So each case has an overlapping motion to transfer to the other state.

**A. Order to Show Cause**

First, the Court addresses its Order to show cause. As Insurers explain, some of the Court's recent cases differ. *Mullins v. Securian Life Ins.*, No. 2:21-cv-247-SPC-NPM, 2021 WL 4991519 (M.D. Fla. Oct. 27, 2021); *Inglese v. Black Swan Techs., LLC*, No. 2:21-cv-822-SPC-NPM, 2022 WL 1321147 (M.D. Fla. May 3, 2022).

In those cases, the Court alternatively refused to make declarations in favor of coercive actions. Each case was outside the insurance context (i.e., the heartland of declaratory judgment). *See James River Ins. v. Rich Bon Corp.*,

---

[2] The Court takes judicial notice of the Delaware Suit filings. *See* Fed. R. Evid. 201(b)(2).

2

No. 20-11617, 2022 WL 1616872, at *3 (11th Cir. May 23, 2022) (published). More important though, neither plaintiff established jurisdiction. And each improperly sought declarations to accomplish some irregular result. But Insurers did not sue to cloak their lack of standing and frustrate a comprehensive statutory scheme. *Cf. Mullins,* 2021 WL 4991519. Nor did they file a competing action to get default declarations against a defunct company and torpedo a parallel, contentious (seemingly never-ending) case. *Cf. Inglese,* 2022 WL 1321147. At bottom, the circumstances here differ.

Because Insurers satisfied the Court's initial concerns, it discharges the Order and will take no further action on the matter right now.

## B. Motion to Transfer

Up next is the crux of the parties' dispute. It turns out, the Court need not address the merits of transfer right now. The parties apparently agree it would be prudent to await a ruling in the Delaware Suit. *Compare* (Doc. 28 at 1, 3, 24 (seeking alternatively to stay the Florida Suit until the Delaware Suit resolves)), *with* (Doc. 32 at 4, 7-8, 28 (contending it is proper to stay the Florida Suit while the Delaware Suit decides transfer)). The Court agrees.

Eventually, the Delaware and Florida Suits should probably be consolidated. Even if not, it would likely be most efficient for one judge to hear both cases because the issues are nearly identical (albeit inverted). What's more, this litigation should not ping-pong up and down the East Coast. *See*

3

*Ceradyne, Inc. v. RLI Ins.*, No. 20-1398 (MN), 2021 WL 3145171 (D. Del. July 26, 2021) (transferring to California after California court transferred related case to Delaware). So either this Court or its sister in Delaware should probably hear the case(s). Neither party really disputes this.

The question, therefore, is which judge should rule on transfer. As Insurers suggest, the Court defers to Chief Judge Connolly. It seems the parties raced to the courthouses on the CM/ECF highway. While parties might jockey for position, federal judges don't. The Court will not rush out an order and risk inconsistent rulings on the same transfer issue. Rather, the Court defers to the Delaware Suit—the alleged first-filed case—for a decision on where the litigation should continue.[3] This is generally in line with the first-filed rule. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated."); *NaturesMAX, Inc. v. Quintessential Biosciences, LLC*, No. 2:15-cv-551-FtM-38CM, 2015 WL 12826478, at *2 (M.D. Fla. Nov. 9, 2015) ("Because the Utah action is the first-filed action, it is up to the Utah court to determine whether the first to file rule,

---

[3] Note the word "alleged." The Court takes no position on the parties' dispute over the first-filed question.

4

or one of the exceptions, should apply. Until that decision is made, the Court must defer to the Utah court and stay this action."); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 210, 220-21 (3d Cir. 2016) (explaining first-filed rule may be invoked by first-filed court to enjoin second-filed case or by second-filed court to defer, stay, transfer, or dismiss).

So the Court defers to the Delaware Suit's ruling on transfer. In the meantime, it stays the Florida Suit. Given the stay, the parties need not conduct discovery here. Yet they may do so by stipulation if they agree it will advance the litigation overall.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Transfer or Stay Complaint (Doc. 28) is **DENIED without prejudice** as to transfer and **GRANTED** as to staying the Florida Suit.

2. All deadlines and proceedings here are **STAYED** until the parties have a ruling on the motion to transfer the Delaware Suit.

3. The parties are **DIRECTED** to notify the Court of Chief Judge Connolly's decision within seven (7) days of a ruling.

4. The Clerk is **DIRECTED** to add a stay flag on the docket.

**DONE** and **ORDERED** in Fort Myers, Florida on June 9, 2022.

5

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record